IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLAND GRAHAM<br>a/k/a RONALD GRAHAM,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 21-2759 |
| DAVID RUDOVSKY, *et al.*<br>    Defendants. | :<br>:<br>: | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                          **OCTOBER 26, 2021**

Roland Graham, also known as Ronald Graham, a prisoner currently incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), filed this action alleging that the Defendant attorneys failed to protect him from abuse by prison staff. For the following reasons, Graham's Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**

Graham brings this putative class action for "Ineffectiveness of Counsel" under the Sixth Amendment against one law firm, and three attorneys who allegedly work at "PILP."[1] Graham alleges that Defendants have not taken sufficient action to prevent and enjoin abuses allegedly perpetrated by Philadelphia Department of Prisons staff.

---

[1] Graham listed three individual defendants: David Rudovsky, Susan Lin, and Nyssa Taylor. "PILP," their alleged place of employment, is likely a reference to the "Pennsylvania Institutional Law Project." The other two defendants, "Kairys Rudovsky" and "Messing, Feinberg & Lin," are likely a reference to the law firm Kairys, Rudovsky, Messing, Feinberg & Lin LLP. The Pennsylvania Institutional Law Project was co-counsel to Kairys, Rudovsky, Messing, Feinberg & Lin in the class action referenced in the Complaint (*Remick v. City of Philadelphia*, No. 20-1959 (E.D. Pa. filed Apr. 20, 2020)).

Specifically, the Complaint asserts that Defendants represent a putative class of prisoners in *Remick v. City of Philadelphia*,[2] and that "the class is protesting the mis-management and poor leadership" of Defendants, who "breached their duty by not knowing how to professionally restrain prison staff abusement [sic] of prison rights." For example, Graham alleges that the "Medical Dept at PICC" has not properly quarantined prisoners with COVID-19, and has falsely accused healthy prisoners, including Plaintiff, of having COVID-19. Graham contends that Defendants witnessed "a serious demonstration pertaining [to the] COVID-19 virus and other abusement [sic]" but "did nothing," acting with "deliberate indifference toward our safety," and that Defendants did not adequately perform "screening and "investigation" to ensure prisoners with COVID-19 are quarantined.

For each putative class member, Graham seeks compensatory damages of $500,000 and punitive damages of $400,000.

## II.   STANDARD OF REVIEW

Graham is proceeding *in forma pauperis* in this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under Section 1915 is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the Court determines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

---

[2] In *Remick v. City of Philadelphia*, No. 20-1959 (E.D. Pa. filed Apr. 20, 2020), a putative class of all individuals who are now or who will be held in custody at Philadelphia Department of Prisons facilities seeks relief from allegedly unconstitutional conditions of confinement related to the COVID-19 pandemic. *Id.*, First Am. Class Action Compl. for Decl. & Inj. Relief, ECF No. 100. Graham is a member of the putative class but is not a named plaintiff.

2

quotations omitted). At this early stage of the litigation, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). *Pro se* complaints are liberally construed. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## II. DISCUSSION

Graham is attempting to bring a claim for the violation of his right to effective assistance of counsel under the Sixth Amendment. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under Section 1983, Graham must allege that a person acting under color of state law violated his constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). This "acting under color of state law" requirement is also called the "state action" requirement. *Id.* at 49. Private conduct may be deemed "state action" if there is "such a close nexus between the State and the challenged action that seemingly private behavior *may be fairly treated as that of the State itself.*" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted) (emphasis added).

The Third Circuit has outlined three tests to check whether that close nexus exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the

acting party that it must be recognized as a joint participant in the challenged activity." *Kach*, 589 F.3d at 646 (internal quotations omitted).

Graham cannot maintain his federal constitutional claim because private attorneys and law firms carrying out their typical work as lawyers are not state actors, and Graham has not alleged any facts suggesting that the required "close nexus" between Defendants' private actions and the State. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Singh v. Harrison*, 412 Fed. App'x 430 (3d Cir. 2011) (complaint asserting that plaintiff's lawyer stole from her made no allegation giving rise to a plausible inference that the private attorney acted under color of state law or conspired with state actors).

The Complaint must also be dismissed because Graham cannot bring a class action. Although *pro se* litigants who are not lawyers may represent themselves, they may not pursue claims on behalf of others, including a class of other inmates. *See* Fed. R. Civ. Pro. 23(a)(4); *Hagan v. Rogers*, 570 F.3d 146, 158–59 (3d Cir. 2009) ("[W]e do not question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives."); *Lewis v. City of Trenton Police Dep't*, 175 Fed. App'x 552, 554 (3d Cir. 2006) (per curiam) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."). Accordingly, this case cannot proceed as a potential class action.

To the extent Graham is bringing a claim for legal malpractice, such claim also fails. In Pennsylvania, "an aggrieved client must establish three elements in order to recover for legal

malpractice: (1) *the employment of the attorney or other basis for duty*; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." *McMahon v. Shea*, 688 A.2d 1179, 1181 (Pa. 1997) (emphasis added). Graham appears to allege that Defendants are his lawyers because they represent the putative prisoner class in *Remick*. This argument is mistaken. Under federal law, there is no attorney-client relationship between unnamed class members and the attorneys bringing the class action. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 313 (3d Cir. 2005). Graham cannot bring a legal malpractice suit because he has no attorney-client relationship with Defendants and has not alleged any other basis for their alleged duty to protect him.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Graham's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Graham will not be given leave to amend because amendment would be futile. An appropriate Order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**